IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. JOHN COOPER, <br><br> Plaintiff, <br><br> v. <br><br> THE JOHNS HOPKINS HOSPITAL AND HEALTH SYSTEM, *et al.,* <br><br> Defendants. | Case No. AMD 02 CV 3987 |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 9(b)

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants hereby respectfully move this Court for an Order dismissing the Complaint as to all Defendants. As set forth in the accompanying Memorandum of Law in support of this Motion, the Complaint should be dismissed in its entirety for failure to plead the circumstances of fraud with particularity.

A proposed Order is attached.

## REQUEST FOR A HEARING

Pursuant to Local Rule 105.6, Defendants hereby respectfully request a hearing on this Motion to Dismiss for Failure to Comply with Federal Rule of Civil Procedure 9(b).

\\\BA - 62776/0100 - 187324 V1

Respectfully submitted,

Dated: February 28, 2005

Stephen J. Immelt (Fed. Bar No. 00113)
Therese M. Goldsmith (Fed. Bar No. 25657)
HOGAN & HARTSON L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202
Telephone: 410-659-2700
Email: sjimmelt@hhlaw.com
Fax: 410-539-6981

Counsel for Defendants
The Johns Hopkins Hospital,
The Johns Hopkins Health System Corporation,
Reuven Pasternak, M.D., and
Frederick E. Sieber, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants'

Motion to Dismiss for Failure to Comply with Federal Rule of Civil Procedure 9(b),

Request for a Hearing, and Proposed Order, which were electronically filed in this case on

this 28th day of February, 2005, was mailed via certified mail, return receipt requested, on

this 28th day of February, 2005 to:

> David A. Branch, Esq.
> 1825 Connecticut Avenue, NW
> Suite 690
> Washington, D.C.  20009
>
> United States Attorney's Office for the District of Maryland
> 36 S. Charles Street
> 4th Floor
> Baltimore, MD  21201

*Therese M. Goldsmith*
Therese M. Goldsmith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. JOHN COOPER, | ) ) ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. AMD 02 CV 3987 |
|  | ) |  |
| THE JOHNS HOPKINS HOSPITAL AND HEALTH SYSTEM, *et al.,* | ) ) |  |
|  | ) |  |
| Defendants. | ) ) |  |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH <u>FEDERAL RULE OF CIVIL PROCEDURE 9(b)</u>

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................ii

INTRODUCTION.............................................................................................. 1

THE COMPLAINT............................................................................................ 3

ARGUMENT..................................................................................................... 4

I.   Relator's Complaint Must Comply With The Pleading Requirements
     Of Rule 9(b).............................................................................................4

II.  Relator's Complaint Does Not Plead The Circumstances Of Fraud
     With Particularity, And Should Be Dismissed...............................................7

     A.   Relator Does Not Identify <u>What</u> False Claims Were
          Submitted To The Government...........................................................8

     B.   Relator Does Not Identify <u>Who</u> Participated In The Alleged
          Fraud. ............................................................................................ 11

     C.   Relator Does Not Allege Specific Facts Regarding <u>When</u>
          The Alleged Fraud Occurred ............................................................13

     D.   Relator's Allegations As To <u>Where</u> The Alleged Fraud
          Occurred Are Unclear And Unsupported...........................................14

     E.   Relator Does Not Allege Particular Facts Regarding <u>How</u>
          Defendants Violated the False Claims Act ........................................15

CONCLUSION ...............................................................................................17

i

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Adams v. NVR Homes, Inc.*, 193 F.R.D. 243 (D. Md. 2000)...................... 15

*Aqualine Assocs. Ltd. Partnership v. Genesis Health Ventures,*
    *Inc.*, 96 Fed. Appx. 132, 2004 WL 937272 (4th Cir.)
    *(per curiam), cert. denied,* 125 S. Ct. 607 (2004) .......................... 13

*Banca Cremi, S.A. v. Alex. Brown & Sons, Inc.*, 132 F.3d
    1017 (4th Cir. 1997) ........................................................ 5

*Blumenthal Power Co. v. Browning-Ferris, Inc.*, No.
    94CV2612, 1995 WL 1902124 (D. Md. Apr. 19, 1995) ................... 4

*Bly-Magee v. California,* 236 F.3d 1014 (9th Cir. 2001) .......................... 6

*Harrison v. Westinghouse Savannah River Co.,*
    176 F.3d 776 (4th Cir.1999)................................................ 5, 6, 7, 8, 11, 15

*Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970 (4th Cir. 1990)........ 5

*Stern v. Leucadia Nat. Corp.*, 844 F.2d 997 (2d Cir. 1988)...................... 4

*United States v. EER Systems Corp.*, 950 F. Supp. 130 (D. Md. 1996).... 8

*United States ex rel. Bledsoe v. Community Health Systems, Inc.,*
    342 F.3d 634 (6th Cir. 2003) .............................................. 11

*United States ex rel. Butler v. Magellan Health Servs., Inc.,*
    101 F. Supp. 2d 1365 (M.D. Fla. 2000) .......................................... 9

*United States ex rel. Butler v. Magellan Health Servs.,*
    *Inc.,* 74 F.Supp. 2d 1201 (M.D. Fla. 1999) .................................... 11

*United States ex rel. Clausen v. Laboratory*
    *Corp. of America,* 290 F.3d 1301 (11th Cir. 2002),
    *cert. denied,* 537 U.S. 1105 (2003)................................................. 6, 8, 10, 16n.5

*United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325
(5th Cir. 2003)................................................................. 12n.3

*United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374
(7th Cir), *cert. denied*, 540 U.S. 968 (2003) ................................... 10, 15

*United States ex rel. Goldstein v. Fabricare Draperies, Inc.*,
236 F. Supp. 2d 506 (D. Md. 2002), *aff'd*, 84 Fed. Appx.
341, 2004 WL 26739 (4th Cir.), *cert. denied* 124
S. Ct. 2842 (2004) .......................................................... 5

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
360 F.3d 220 (1st Cir.), *cert. denied,* 125 S. Ct. 59 (2004).............. 6, 9, 16, 17

*United States ex rel. King v. Alcon Laboratories, Inc.*, No.
Civ.A. 4:01CV469-Y, 2005 WL 20372 (N.D. Tex. Jan.4, 2005) ...... 9, 14

*United States ex rel. Prevenslik v. University of Washington*,
No. Civ.A. MJG-02-80, 2003 WL 23573424 (D. Md. June 20, 2003),
*aff'd per curiam*, 89 Fed. Appx. 410, 2004 WL 500971
(4th Cir. Mar. 15, 2004) ..................................................... 10

*United States ex rel. Robinson v. Northrop Corp.*, 149 F.R.D. 142
(N.D. Ill. 1993) ............................................................... 12

*United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A.
v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F. Supp. 1040
(S.D. Ga. 1990)................................................................ 15

*United States ex rel. Thompson v. Columbia/HCA Healthcare
Corp.*, 125 F.3d 899 (5th Cir. 1997)......................................... 9, 11

*United States ex rel. Willard v. Humana Health Plan of Texas,
Inc.*, 336 F.3d 375 (5th Cir. 2003) ......................................... 7

*United States ex rel. Williams v. Martin-Baker Aircraft Co.*,
389 F.3d 1251 (D.C. Cir. 2004)............................................. 12, 13

*Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) ................. 9

## STATUTES AND RULES

31 U.S.C. §§ 3729-3733 ................................................................. 1

31 U.S.C. § 3729(a)(1) ................................................................. 3, 4

31 U.S.C. § 3729(a)(2) ................................................................. 3, 4

31 U.S.C. § 3730 ................................................................. 3

31 U.S.C. § 3730(b)(2) ................................................................. 3

Federal Rule of Civil Procedure 8(a) ................................................................. 4

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 5, 17

Federal Rule of Civil Procedure 9(b) ................................................................. *passim*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. JOHN COOPER, <br><br> Plaintiff, <br><br> v. <br><br> THE JOHNS HOPKINS HOSPITAL AND HEALTH SYSTEM, *et al.,* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )       Case No. AMD 02 CV 3987 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 9(b)

### INTRODUCTION

This case is a *qui tam* action in which a physician who formerly practiced at

Johns Hopkins Bayview Medical Center ("Relator") purports to state a claim under the

False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), against The Johns Hopkins Hospital

("JHH") and Health System ("JHHS"), the current Chairman of the Department of

Anesthesiology at Johns Hopkins Bayview Medical Center ("Bayview"), Frederick E.

Sieber, M.D., 1/ and a past Chairman of Bayview's Department of Anesthesiology, Reuven

---

1/      The Complaint incorrectly identifies Dr. Fritz Sieber as the Chairman of the Anesthesiology Department, and names him as a defendant. Relator's counsel served Fritz Sieber, Ph.D., Department of Pediatrics, Medical College of Wisconsin, with a copy of the Complaint. Counsel for Defendants notified Relator's counsel of this apparent error.

1

Pasternak, M.D. 2/ (collectively, "Defendants") for alleged "fraudulent billing practices." The Relator's Complaint should be dismissed, because it does not satisfy, as it must, the requirement of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") to plead the circumstances of fraud with particularity.

Most critically, the Complaint fails to identify a single specific instance in which any of the Defendants submitted a false or fraudulent claim to the United States Government (the "Government"), or caused such a claim to be submitted - - a fundamental precondition for liability under the FCA. Moreover, the Complaint does not allege any specific dates on which the alleged fraudulent billing occurred, does not identify the individuals purportedly involved in the improper billing practices, does not make it clear where the alleged fraudulent billing practices occurred, and does not allege facts that show how the unspecified claims were false or fraudulent. The Complaint does not contain even the most bare-bones facts necessary for the Defendants to prepare an informed pleading responsive to specific allegations of fraud.

The Complaint's utter lack of allegations specifying the "who, what, when, where, and how" of the alleged fraud is particularly notable, in view of Relator's supposed first-hand knowledge of the purported billing practices. Under Rule 9(b), Relator may not pursue a claim involving potentially damaging accusations that the Defendants engaged in fraudulent conduct unless his Complaint provides particularized facts regarding the

---

2/    The Complaint incorrectly spells Dr. Reuven Pasternak's name as "Dr. Reuben Pasternack."

circumstances of the alleged fraud. He has utterly failed to do so. The unsubstantiated and conclusory allegations in Relator's Complaint cannot satisfy the requirements of Rule 9(b) for an FCA claim.

## THE COMPLAINT

On December 10, 2002, Relator filed a Complaint against Defendants pursuant to the *qui tam* provisions of the FCA, 31 U.S.C. § 3730. The FCA requires that Relator file his Complaint under seal, and serve on the Government a copy of the Complaint, as well as a written disclosure of substantially all material evidence and information in Relator's possession. 31 U.S.C. § 3730(b)(2). After nearly two years, the Government notified the Court of its decision to decline its statutory right to intervene.

The Complaint contains a single count alleging that Defendants violated the FCA. Although his Complaint does not cite to any specific subsection(s) of the FCA's liability provisions, Relator appears to intend to bring a claim under §§ 3729(a)(1) and/or 3729(a)(2). *See* Compl. ¶ 26. Those provisions impose liability upon "[a]ny person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; [or] (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government[.]" 31 U.S.C.§§ 3729(a)(1)-(2).

In his seven-page Complaint, Relator makes sweeping allegations, "upon information and belief," that JHH and JHHS "double-billed the federal government and

submitted fraudulent bills to the federal government for payment for services rendered

under the Medicare and Medicaid program." Compl. ¶ 18. He further alleges that JHH

and JHHS "knowingly, intentionally, and willfully submitted false claims to the federal

government for payment under the Medicare and Medicaid program." *Id.* ¶ 27. Yet the

Complaint does not identify a single example of a double billing, fraudulent bill, or false

Medicare or Medicaid claim. Relator merely avers, again "upon information and belief,"

that "beginning on or before October 1998 through the present," JHH and JHHS

"submitted thousands of invoices to the government for payment for medical services

provided to individuals in the Medicare and Medicaid programs," *id.,* apparently inviting

the Court to assume that at least some of those invoices must have been false or

fraudulent.

## ARGUMENT

I.      **Relator's Complaint Must Comply With The Pleading Requirements
        Of Rule 9(b).**

In most cases, the Federal Rules of Civil Procedure require that a complaint

contain merely "a short and plain statement of the claim." Fed. R. Civ. P. 8(a). However,

Rule 9(b) requires more of a litigant who alleges fraud. Under Rule 9(b), "[i]n all

averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

stated with particularity." Fed. R. Civ. P. 9(b). Pleadings "upon information and belief" do

not generally satisfy the particularity requirements of Rule 9(b). *Stern v. Leucadia Nat.*

*Corp.,* 844 F.2d 997, 999 n.1 (2d Cir. 1988); *Blumenthal Power Co. v. Browning-Ferris, Inc.,*

No. 94CV2612, 1995 WL 1902124, at *11 (D. Md. Apr. 19, 1995). Failure to comply with

the pleading requirements of Rule 9(b) is treated as a failure to state a claim for which

relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Harrison v.*

*Westinghouse Savannah River Co.,* 176 F.3d 776, 783 n.5 (4th Cir. 1999); *Lasercomb*

*America, Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir. 1990).

     The Fourth Circuit has recognized that Rule 9(b)'s heightened pleading

requirement serves four important purposes:

> First, the rule ensures that the defendant has sufficient
> information to formulate a defense by putting it on notice of the
> conduct complained of . . . . Second, Rule 9(b) exists to protect
> defendants from frivolous suits. A third reason for the rule is to
> eliminate fraud actions in which all the facts are learned after
> discovery. Finally, Rule 9(b) protects defendants from harm to
> their goodwill and reputation.

*Harrison,* 176 F.3d at 784 (quoting *United States ex rel. Stinson, Lyons, Gerlin &*

*Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.,* 755 F. Supp. 1055, 1056-57

(S.D. Ga. 1990)). As the Fourth Circuit has observed, "[I]t is very easy to accuse someone

of fraud, and it is clear that the mere accusation of fraud can be damaging to a defendant's

reputation." *Banca Cremi, S.A. v. Alex. Brown & Sons, Inc.,* 132 F.3d 1017, 1036 (4th Cir.

1997). Accordingly, Rule 9(b) demands that a plaintiff plead the specific circumstances of

an alleged fraud in the complaint, and denies a plaintiff the opportunity to use

insufficiently supported allegations of fraud "as a means to root through the defendants'

files to determine if they contain evidence of fraudulent conduct." *United States ex rel.*

*Goldstein v. Fabricare Draperies, Inc.,* 236 F. Supp.2d 506, 508 (D. Md. 2002), *aff'd,* 84 Fed.

Appx. 341, 2004 WL 26739 (4th Cir.), *cert. denied,* 124 S. Ct. 2842 (2004).

It is well settled that claims alleging FCA violations are subject to the heightened pleading requirements of Rule 9(b). *Harrison* 176 F.3d at 780, 783-84. Indeed, every federal circuit court to address the issue has concluded that Rule 9(b) applies to claims brought under the FCA. *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 228 (1st Cir.), *cert. denied*, 125 S.Ct. 59 (2004) (joining eight other circuits, including the Fourth Circuit, in so holding).

The need to strictly enforce the pleading requirements of Rule 9(b) is widely recognized in the context of *qui tam* suits, where the potential for abuse is most keen. *See, e.g., United States ex rel. Clausen v. Laboratory Corp. of America,* 290 F.3d 1301, 1313 n.24 (11th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003) (The purposes served by Rule 9(b) are especially apparent "in cases involving the False Claims Act, which provides a windfall for the first person to file[.]"); *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) ("[Q]ui tam suits are meant to encourage insiders privy to a fraud on the government to blow the whistle . . . . [Such insiders] should have adequate knowledge of the wrongdoing at issue, [and] should be able to comply with Rule 9(b)." (emphasis in original, internal quotations and citation omitted)).

Here, Relator alleges that he was employed as a "staff physician" in the "obstetrics section" at Bayview, and that "staff physicians" "signed off on charts for procedures they did not perform and/or did not supervise, then submitted bills to the federal government for payment under the Medicare and Medicaid program." Compl. ¶¶ 5, 15. He further alleges that he conducted a review of the billing practices he contends were

fraudulent, and reported on the findings of that review.  Compl. ¶ 17, 19.  Yet despite this supposed first-hand knowledge of "fraudulent billing practices," Relator's Complaint does not identify a single false or fraudulent claim; does not identify who submitted any such claim, or made or used a false record or statement in support thereof; and does not specify when, where, or how the alleged fraud was perpetrated.  A complaint lacking any such specific allegations of fact is precisely the type of pleading Rule 9(b) forbids.

## II.     Relator's Complaint Does Not Plead The Circumstances Of Fraud With Particularity, And Should Be Dismissed.

The Fourth Circuit has adopted the classic formulation of Rule 9(b), requiring a plaintiff to allege the particulars of "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Harrison,* 176 F.3d at 784 (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)).  This formulation is otherwise known as the  "who, what, when, where, and how" of the allegedly fraudulent conduct.  *See, e.g., United States ex rel. Willard v. Humana Health Plan of Texas, Inc.,* 336 F.3d 375, 385 (5th Cir. 2003) (affirming dismissal of a *qui tam* action pursuant to Rule 9(b) where the complaint failed to set forth "the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby,' otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud").

When a plaintiff fails to plead <u>all</u> required circumstances of an alleged fraud with particularity, a complaint is properly dismissed for failure to comply with Rule 9(b).

*See United States v. EER Systems Corp.,* 950 F. Supp. 130, 132 (D. Md. 1996) (dismissing FCA and common law fraud counts where the complaint alleged the "time, place, and content of the false representations" in accordance with Rule 9(b), but failed to "(1) name the person(s) who made the representations; (2) specifically state what he or she did; and (3) state what he or she acquired as a result of the representations."). Relator's Complaint fails to plead <u>any</u> of the required circumstances of fraud with particularity, and should be dismissed.

### A.    Relator Does Not Identify <u>What</u> False Claims Were Submitted To The Government.

The Complaint does not identify a single concrete example of a false or fraudulent claim. This deficiency is fatal to Relator's FCA action. It is a fundamental and well-accepted principle in the Fourth Circuit and elsewhere that, to state a claim under the FCA, a complaint must identify <u>actual false claims</u> submitted to the Government. *See, e.g., Harrison,* 176 F.3d at 785 ("[A] central question in False Claims Act cases is whether the defendant ever presented a 'false or fraudulent claim' to the government."); *Clausen,* 290 F.3d at 1311 ("The submission of a claim is . . . the *sine qua non* of a False Claims Act violation.").

Courts have frequently held that Rule 9(b) is not satisfied where an FCA *qui tam* relator fails to allege, with particularity, the false or fraudulent claims actually submitted to the Government. For example, in *Karvelas,* the First Circuit dismissed a *qui tam* relator's 93-page amended complaint against a hospital and its parent corporations because, among other things, the relator "fail[ed] to identify with particularity any actual

false claims that the defendants submitted to the government[.]" *Karvelas,* 360 F.3d at 235. Similarly, in *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559 (6th Cir. 2003), the Sixth Circuit held that a *qui tam* relator failed to satisfy Rule 9(b), in part because he did not identify a specific false claim. *Id.* at 564. The Court flatly rejected the relator's argument that he was entitled to avoid the requirements of Rule 9(b) due to the complexity and duration of the allegedly fraudulent acts. *Id.* In *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899 (5th Cir. 1997), the Fifth Circuit held that a relator did not plead the circumstances of an alleged FCA violation with the particularity required by Rule 9(b) because, *inter alia,* "he did not identify . . . any specific claims for medically unnecessary services that were submitted by defendants." *Id.* at 903. *See also, e.g., United States ex rel. King v. Alcon Laboratories, Inc.,* No. Civ.A. 4:01CV469-Y, 2005 WL 20372, at *2 (N.D. Tex. Jan. 4, 2005) (dismissing a *qui tam* complaint for insufficiency under Rule 9(b) where the complaint failed to specifically identify, among other things, "any actual false claim submitted to the government"); *United States ex rel. Butler v. Magellan Health Servs., Inc.,* 101 F. Supp. 2d 1365, 1369-70 (M.D. Fla. 2000) (dismissing *qui tam* action against health care providers for failing to allege fraud with the requisite particularity where the relator did not "plead that a specific insurance claim form for any patient was fraudulent").

It does not suffice to vaguely allege, as Relator does here, that an FCA defendant "submitted bills daily to the federal government for payment for services provided to Medicare and Medicaid recipients," Compl. ¶ 10, or that "[u]pon information

and belief," during the period "beginning on or before October 1998 and continuing to the present," an FCA defendant "submitted thousands of invoices to the government for payment for medical services provided to individuals in the Medicare and Medicaid programs," Compl. ¶ 27, inviting an inference that at least some of those bills or invoices must have been false or fraudulent. *See Clausen,* 290 F.3d at 1311 ("Rule 9(b)'s directive . . . does not permit a False Claims Act plaintiff merely to describe [a scheme] but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government.); *cf. United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir.), *cert. denied,* 540 U.S. 968 (2003) ("A contention that the 'total claims' are false . . . fails the requirement of specificity."); *United States ex rel. Prevenslik v. University of Washington,* No. Civ.A. MJG-02-80, 2003 WL 23573424, at *5 n.2 (D. Md. June 20, 2003), *aff'd per curiam* 89 Fed. Appx. 410, 2004 WL 500971 (4th Cir. Mar. 15, 2004) (Relator did not "come close to complying with Rule 9(b)" by alleging that researchers made false statements to the media, and therefore must have made similar statements in federal grant applications, without identifying a specific grant application or other claim containing a false statement.).

Relator has failed to satisfy a fundamental Rule 9(b) pleading requirement for an FCA claim because his Complaint does not identify a single actual bill or claim that he alleges is false or fraudulent. On that basis alone, his Complaint should be dismissed.

### B.    Relator Does Not Identify <u>Who</u> Participated In The Alleged Fraud.

The Complaint also fails to comport with the requirements of Rule 9(b) because it does not allege the particulars of "the identity of the person making the misrepresentation." *Harrison,* 176 F.3d at 784.  Relator does not identify a single individual who submitted, or caused to be submitted, a false or fraudulent claim, nor any individual who made a false record or statement to get a false or fraudulent claim paid. His vague and factually uncorroborated contention that Dr. Sieber "participated" in the alleged fraudulent billing practices, Compl. ¶ 20, hardly satisfies Rule 9(b)'s demand for particularity.  *See United States ex rel. Bledsoe v. Community Health Systems, Inc.,* 342 F.3d 634, 636-37, 643 (6th Cir. 2003) (Relator's allegations that health care providers engaged in upcoding and other improper Medicare and Medicaid billing practices failed to comply with Rule 9(b) because, among other things, "the amended complaint did not specify the names of any individuals involved in the improper billing, save for [one physician], who was allegedly terminated in retaliation for refusing to engage in the fraudulent billing practices."); *Thompson,* 125 F.3d at 903 (affirming dismissal of an FCA claim alleging submission of Medicare claims for medically unnecessary services where the relator "did not identify any specific physicians who referred patients for medically unnecessary services"); *United States ex rel. Butler v. Magellan Health Servs., Inc.,* 74 F. Supp. 2d 1201, 1216  (M.D. Fla. 1999) (*qui tam* complaint was insufficient under Rule 9(b)

where it "fail[ed] to refer to specific employees who may have been involved in submitting

false claims.") 3/

   Relator's assertions concerning "bills [submitted] to the federal government"

by "[s]taff physicians," Compl. ¶ 15, likewise fail to identify, with particularity, <u>who</u>

engaged in the purported fraudulent billing practices.  Rule 9(b) requires pleaders to

identify the specific individuals involved in an alleged fraud.  *See United States ex rel.*

*Robinson v. Northrop Corp.,* 149 F.R.D. 142, 145 (N.D. Ill. 1993) ("[I]t is not enough for

plaintiffs to allege that 'a Northrop engineer' or 'Northrop employees' or 'superiors'

committed fraudulent acts. . . . The identification of the employee, or at least a more

specific description of the person, . . . must be provided in the complaint."  That

requirement should be strictly enforced where, as here, the plaintiff is an "insider" who

supposedly has first-hand knowledge of the alleged fraud.  *See United States ex rel.*

*Williams v. Martin-Baker Aircraft Co.,* 389 F.3d 1251, 1257, 1262 (D.C. Cir. 2004)

(affirming dismissal of an FCA claim under Rule 9(b) where the complaint "refer[red]

generally to 'management' and provide[d] a long list of names without ever explaining the

---

3/  Relator's allegations that Dr. Sieber was "aware of" JHH's and JHHS' alleged
fraudulent billing practices, Compl. ¶ 20, and "failed to investigate . . . and . . . inform the
federal government of the allegations," Compl. ¶ 27, do not, of course, constitute
allegations that Dr. Sieber himself submitted, or caused to be submitted, false or
fraudulent claims, or that he made false statements or records to get such claims paid, in
violation of the FCA.  *See United States ex rel. Doe v. Dow Chemical Co.,* 343 F.3d 325, 329
(5th Cir. 2003) (affirming dismissal of an FCA claim for failure to satisfy Rule 9(b) where
the complaint listed several people who allegedly had "knowledge" of false statements, but
"failed to state who was making the allegedly false representations").

role [those] individuals played in the alleged fraud - - an especially surprising deficiency given that [the relator] worked for [the defendant] for five years.").

### C.    Relator Does Not Allege Specific Facts Regarding <u>When</u> The Alleged Fraud Occurred.

Insofar as Relator has not identified a single false or fraudulent claim, it is not surprising that his Complaint is likewise devoid of the specific dates on which the alleged FCA violations occurred.  Instead, Relator seems to variously contend that the allegedly fraudulent billing practices took place: (1) "[b]eginning on or before October 1998 and continuing through October 2001," Compl. ¶¶ 17, 28; (2) "beginning on or before October 1998 and continuing through the present," Compl. ¶ 27; and (3) "from October 1998 through October 2001." Compl. ¶ 18.

The first and second of these inconsistent formulations are nonsensical.  All three are so general and vague that they do not, and cannot, fulfill Rule 9(b)'s purpose of ensuring that the Defendants have sufficient information to formulate a defense.  *See, e.g., Williams*, 389 F.3d at 1256-57 ("nebulous" and "open-ended" allegations regarding the time of alleged misrepresentations were "entirely inadequate" under Rule 9(b), and "failed to give the [defendants] sufficient information to allow for preparation of a response." (internal quotations and citation omitted)); *Aqualine Assocs. Ltd. Partnership v. Genesis Health Ventures, Inc.,* 96 Fed. Appx. 132, 2004 WL 937272, at *2 (4th Cir.) *(per curiam), cert. denied,* 125 S.Ct. 607 (2004) (amended complaint alleging a "course of conduct in 1996 that continued to the date the amended complaint was filed" was properly dismissed for failure to comply with Rule 9(b), because it was "devoid of any reference to any false

statements made, or dates upon which any of the alleged fraudulent acts occurred" (internal quotations omitted)); *King,* 2005 WL 20372, at *3 (*qui tam* complaint failed to comply with 9(b) because, among other things, it "fail[ed] to identify a single specific date on which a false claim was made and, instead, claims that the fraudulent activity occurred on or before January 1, 1998, to present.")

Relator's failure to identify a single date on which a false claim was allegedly submitted to the Government is another critical pleading failure under Rule 9(b). For that reason as well, his Complaint should be dismissed.

**D. Relator's Allegations As To <u>Where</u> The Alleged Fraud Occurred Are Unclear And Unsupported.**

Relator names "Johns Hopkins Hospital and Health System" as corporate defendants, refers to them throughout the Complaint as "Hospital," and avers that "[t]his complaint involves the acts of the Hospital, specifically identified in the anesthesia department." Compl. ¶ 4. Yet he alleges that he worked at Bayview, not at JHH or JHHS. 4/ Compl. ¶ 5. Relator adduces no facts to indicate that, as a former "staff physician" practicing in the obstetrics section at Bayview, *id,* he has any knowledge whatsoever concerning any billing practices at JHH or JHHS.

The facts as pled lack the clarity necessary to put Defendants on notice of the location at which the allegedly fraudulent conduct occurred. In formulating their response

---

4/    Johns Hopkins Bayview Medical Center, Inc. and The Johns Hopkins Hospital are two separate corporate entities that conduct their respective operations at two distinct locations in Baltimore City. The Johns Hopkins Health System Corporation is the sole member of The Johns Hopkins Hospital and Johns Hopkins Bayview Medical Center, Inc.

to the Complaint, should Defendants address billing practices at Bayview, at JHH, or at JHHS? The Relator has failed to satisfy his obligation, under the law of this Circuit, to plead specific facts concerning where the alleged fraud occurred, *see Harrison,* 176 F.3d at 784, and, therefore, his Complaint should be dismissed.

### E.    Relator Does Not Allege Particular Facts Regarding How Defendants Violated the False Claims Act.

Rule 9(b)'s requirement to plead the circumstances of fraud with particularity also applies "to the manner in which the statements are false and the specific facts raising an inference of fraud." *Adams v. NVR Homes, Inc.,* 193 F.R.D. 243, 250 (D. Md. 2000). A complaint alleging fraud that "fails to particularize how it was that [the defendants] committed fraud related acts" must be dismissed. *Id.* at 252; *see also Harrison,* 176 F.3d at 789 (holding that an FCA count was properly dismissed when, among other things, the relator did not allege how an allegedly false statement was fraudulent).

To satisfy Rule 9(b), a complaint should "zero in on the fraud" by identifying specific claims or statements and explaining why they were false. *Garst,* 328 F.3d at 377. A complaint purporting to allege fraud must do more than describe a type of fraudulent scheme in which the defendant allegedly engaged; the complaint must set forth "allegations of facts that would support its ultimate claim that [the defendant] did, in fact, employ the scheme." *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A., v. Blue Cross Blue Shield of Georgia, Inc.,* 755 F.Supp. 1040, 1052 (S.D. Ga. 1990) (emphasis in original).

Relator's Complaint offers no particulars about how the purported "fraudulent billing practices" worked. He identifies no claim, no false content of any claim, and no payment or other benefit Defendants obtained as a consequence of any claim. Nor does he offer facts alleging how any purported "Medicare and Medicaid guideline" violation led to the submission of a false or fraudulent claim. 5/ Instead, he relies on the conclusory allegations that Defendants:

> submitted bills to the federal government: 1) for payment at the physician fee schedule when the resident actually performed the key portion of the services without a teaching physician present; 2) for anesthesia services at the personally performed rate when the bill should not have been submitted at all, or in the alternative, submitted at the medical direction rate; 3) for services that were not covered under the Medicare and Medicaid program; and 4) for a greater level of service than was actually performed (upcoding).

Compl. ¶¶ 17, 28. The Complaint provides no further explanation of these obtuse allegations, and lacks any specific facts to support them.

The First Circuit held that similarly conclusory allegations failed to plead the circumstances of fraud with the particularity required by Rule 9(b). *See Karvelas,* 360 F.3d at 233-35. There, the relator alleged, among other things, that the defendants:

> 'knowingly filed improper claims in that they presented claims for medical items or service that they knew were not provided as claimed' and 'filed claims that were based on codes that the defendants knew would result in greater payments than what

---

5/      "The False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." *Clausen,* 290 F.3d at 1311 (citing *Harrison,* 176 F.3d at 785).

> an appropriate code would have provided.'  Karvelas further
> claims that 'staffing numbers in the Medicaid and Medicare
> filings were make believe throughout the entire hospital.'

*Id.* at 233-34.  Relator's Complaint contains similarly vague and conclusory allegations of

"upcoding" and the submission of otherwise false or fraudulent claims to the Government.

The First Circuit found such allegations sorely lacking under Rule 9(b), observing that,

among other deficiencies, the complaint in *Karvelas* did not "specify the individuals who

filed these claims, the dates on which any such claims were filed, the nature and content

of any documents submitted, or the amount claimed from the government based on the

particular medical items and services that were allegedly improperly provided or on the

'make believe' staffing levels." *Id.* at 234.

Factually unsupported allegations of fraud like those in *Karvelas* and in

Relator's Complaint do not specify the manner, nor raise an inference, of fraud.

Accordingly, they do not pass muster under Rule 9(b), and should be dismissed.

## CONCLUSION

For the foregoing reasons, Relator's claim should be dismissed under Rule

12(b)(6) for failure to plead the circumstances of fraud with particularity as required by

Rule 9(b).

Respectfully submitted,

Dated: February 28, 2005

_____
Stephen J. Immelt (Fed. Bar No. 00113)
Therese M. Goldsmith (Fed. Bar No. 25657)
HOGAN & HARTSON L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202
Telephone: 410-659-2700
Email: sjimmelt@hhlaw.com
Fax: 410-539-6981

Counsel for Defendants
The Johns Hopkins Hospital,
The Johns Hopkins Health System Corporation,
Reuven Pasternak, M.D., and
Frederick E. Sieber, M.D.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Memorandum in Support of Defendants' Motion to Dismiss for Failure to Comply with Federal Rule of Procedure 9(b), which was electronically filed in this case on this 28th day of February, 2005, was mailed via certified mail, return receipt requested, on this 28th day of February, 2005 to:

David A. Branch, Esq.
1825 Connecticut Avenue, NW
Suite 690
Washington, D.C.  20009

United States Attorney's Office for the District of Maryland
36 S. Charles Street
4th Floor
Baltimore, MD  21201

*Therese M. Goldsmith*

Therese M. Goldsmith

\\\BA - 62776/0100 - 187324 V1