IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DR. JOHN COOPER, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: AMD 02 CV 3987 |
| THE JOHNS HOPKINS HOSPITAL AND HEALTH SYSTEM, *et al.,* ) ) ) ) | |
| Defendants. ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Comes Now the Plaintiff, by and through counsel, and files this opposition to Defendants' motion to dismiss and in support thereof states as follows.

Defendants have filed a motion to dismiss where they argue that the Complaint should be dismissed under Rule 9(b) of the Federal Rules of Civil Procedure for failure to plead the circumstances of the fraud with particularity. Defendants' motion is utterly without merit and should be denied.

Defendants argue that Dr. Cooper's complaint does not specify what claims were submitted to the government, who participated in the alleged fraud, when the alleged fraud occurred, where the alleged fraud occurred, and how the Defendants violated the False Claims Act. Motion at 8-16.

Contrary to Defendants arguments, the Complaint identified what claims were submitted to the government, who participated in the alleged fraud, when the alleged

fraud occurred, where the alleged fraud occurred, and how the Defendants violated the False Claims Act.

Dr. Cooper's complaint specifically states that he was a staff physician in the obstetrics section and was responsible for general and regional anesthesia care for patients. Comp. 5.  The Complaint indicates that the Hospital submitted bills daily to the federal government for payment of services provided to Medicare and Medicaid recipients.  Comp. 10.  According to the Complaint, staff physicians signed off on charts for procedures they did not perform an/or did not supervise, then submitted bills to the federal government for payment under the Medicare and Medicaid program.  Comp. 15.  The complaint further explains that the motivation for the fraud was that the Hospital was facing extreme financial hardship and the Hospital allowed the anesthesia department to keep a significant portion of the revenue it generated.  Comp. 16.  Finally, the Complaint alleges that in May 2001, Dr. Cooper was requested to review the billing practices for the anesthetic practice of the obstetrics section and he discovered that the hospital submitted bills to the federal government: 1) for payment at the physician fee schedule when the resident actually performed the key portion of the services without a teaching physician present; 2) for anesthesia services at the personally performed rate when the bill should not have been submitted at all, or in the alternative, submitted at the medical direction rate; 3)  for services that were not covered under the Medicare and Medicaid program; and 4) for a greater level of service than was actually performed (upcoding).  Comp. 17.  The Complaint states that  Dr. Sieber participated in and was aware of the Hospital's fraudulent billing practices, Comp. 20, and Dr. Cooper reported the fraudulent conduct to

Dr. Sieber and he failed to investigate, remedy or report the information to the federal government. Comp. 19.

Thus, the complaint explains in detail what claims were submitted to the government, (claims for payment of physician fees for Medicaid and Medicare recipients) Comp. 17; who participated in the fraud, Comp. 4, 17 and 20; when the fraud occurred (between 1998 through 2001 and witnessed by Dr. Cooper in May-June 2001) Comp. 17; where the fraud occurred (in the billing practices for the anesthetic practice of the obstetrics section), Comp. 17; and how the False Claims Act was violated (by the submission of invoices 1) for payment at the physician fee schedule when the resident actually performed the key portion of the services without a teaching physician present; 2) for anesthesia services at the personally performed rate when the bill should not have been submitted at all, or in the alternative, submitted at the medical direction rate; 3) for services that were not covered under the Medicare and Medicaid program; and 4) for a greater level of service than was actually performed (upcoding), Comp. 26-29.

Wherefore the Plaintiff requests that the court deny the motion to dismiss.

Respectfully submitted,

_____/s/_____
David A. Branch
Law Offices of David A. Branch, P.C.
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C.  20009
(202) 785-2805

## Certificate of Service

    I hereby certify this 31[th] day of March 2005, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss was sent via electronic mail to counsel for Defendants, Stephen J. Immelt and Therese M. Goldsmith, Hogan & Hartson L.L.P., 111 S. Calvert Street, Suite 1600, Baltimore, MD 21202.

                                          _____/s/_____
                                              David A. Branch